UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCUS F., etc., et al.,

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _2/11/2026_

Plaintiffs,

-against-

26-cv-0148 (LAK)

DAMIA HARRIS-MADDEN, etc., et al.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs are four youth in custody at secure facilities run by the New York State Office of Children and Family Services ("OCFS"). Plaintiffs brought this prospective class action against defendants DaMia Harris-Madden and Norman Hall in their official capacities as Commissioner of OCFS and Deputy Commissioner of OCFS's Division of Juvenile Justice and Opportunities for Youth, respectively. Plaintiffs contend that OCFS's alleged policy and practice of subjecting youth in its care to extended solitary confinement violate the Eighth Amendment and the Fourteenth Amendment of the Constitution as well as the Americans with Disabilities Act. The matter now is before the Court on the parties' competing requests for the Court to enter a limited protective order governing the disclosure of plaintiffs' identities.

2

***Facts***

Both parties have submitted proposed protective orders. The parties substantially agree on the proposed text and appear to agree fully on the purpose of the protective order, prevention of public or unnecessary disclosure of plaintiffs' identities.[1] They agree also that the protective order should not hinder defendants' ability to litigate the case, including complying with discovery requests, nor impede OCFS's ordinary operations.[2] They disagree only as to a few sentences and phrases, each party claiming that its version would better effectuate the agreed-upon purpose of the protective order. These disagreements are described and resolved below.

***Discussion***

First, plaintiffs propose adding the language, "and to preserve minor plaintiffs' anonymity under Federal Rule of Civil Procedure 5.2," in an introductory paragraph describing why the parties are entering the protective order.[3] Because neither party addresses this proposed addition, and the addition would have no substantive impact on the protective order, the Court agrees with plaintiffs' proposal in this respect.

---

[1] *See* Defs.' Feb. 5, 2026 Letter (Dkt 30) at 2 ("Defendants support maintaining the confidentiality of Named Plaintiffs' identities, regardless of whether Named Plaintiffs are minors."); Pls.' Feb. 6, 2026 Letter (Dkt 32) at 1 ("[T]he parties have agreed to almost all the provisions . . . , which [are] intended to protect Plaintiffs' anonymity.").

[2] Pls.' Feb. 6, 2026 Letter (Dkt 32) at 3 ("Plaintiffs' Order, like Defendants', contemplates that Defendants may use Plaintiffs' true names to coordinate with OCFS employees and agents to defend this action and conduct discovery.") (internal quotation marks omitted); *id.*, Ex. 2 (Dkt 32-3) ¶ 8 (agreeing that "[n]othing herein shall be construed to limit the ability of OCFS or its employees to identify or interact with named plaintiffs in the ordinary course of OCFS operations").

[3] *Id.*, Ex. 1 (Dkt 32-2) at 3.

Second, plaintiffs propose eliminating the sentence, "Unredacted papers containing Identifying Information need not be filed under seal unless requested by the Court."[4]  Though the parties appear to agree on the purpose of the provision in which this sentence appears,[5] the Court agrees with plaintiffs that defendants' proposed language here is unnecessary and would be confusing.

Third and most significantly, plaintiffs propose defining "Identifying Information" in relevant part to mean, "information that establishes the identity of a named plaintiff as a named plaintiff or information that establishes the identity of a named plaintiff or of family members of a named plaintiff."[6]  Defendants argue that the definition should read, "information that establishes the identity of a named plaintiff as a named plaintiff [or] information that establishes the identity of family members of a named plaintiff as family members of a named plaintiff."[7]

This is the crux of the parties' disagreement.  Plaintiffs' proposal would treat a plaintiff's name, for example, as Identifying Information, whereas defendants' proposal would classify a plaintiff's name as Identifying Information only when it would establish the identity of a named plaintiff *as a named plaintiff*.  Defendants argue that plaintiffs' proposal would hinder OCFS's ability to investigate plaintiffs' claims and to act in the ordinary course of operations because any OCFS employee would have to consent to the protective order before learning

---

[4] *Id.*, Ex. 2 (Dkt 32-3) ¶ 5.

[5] *See* Defs.' Feb. 9, 2026 Letter (Dkt 33) at 2 ("[U]nless this Court requests otherwise, the parties should not include Named Plaintiffs' real names in any papers, even papers filed under seal.").

[6] Pls.' Feb. 6, 2026 Letter, Ex. 1 (Dkt 32-2) ¶ 1.

[7] Defs.' Feb. 5, 2026 Letter, Ex. A (Dkt 30-1) ¶ 1.

4

information that could identify plaintiffs.  Plaintiffs argue that concern is overblown because they seek to "restrict disclosure of Identifying Information only if made 'in connection with this [action].'"[8]

Restricting disclosure in the way plaintiffs propose would be unduly burdensome to defendants.  OCFS is a large bureaucracy with many employees and  facilities, five of which are the subject of this action.  Plaintiffs undoubtedly seek discovery across levels and locations of OCFS. And defendants likely will need to conduct a wide-ranging, fact-intensive investigation to prepare their defense.  Obtaining signed protective orders from each OCFS employee who assists with preserving and collecting documents or answering questions in connection with this litigation would inhibit timely discovery and anyways may be infeasible as a practical matter.  To litigate this case, defendants must be able to make internal, generalized inquiries in connection with this litigation without obtaining signed protective orders from all OCFS employees involved.[9]

Moreover, defining Identifying Information as broadly as plaintiffs propose would be unnecessary to ensure the protection of plaintiffs.  Existing New York law and regulations – applicable to the parties here – already protect against unauthorized use and public dissemination

---

[8]     Pls.' Feb. 6, 2026 Letter (Dkt 32) at 2 (quoting *id.*, Ex. 1 (Dkt 32-2) ¶ 4).

[9]     *See, e.g.*, *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) (Kaplan, J.) (finding that plaintiff's proposal to allow defendant "to use and disclose [plaintiff]'s name for discovery purposes on the condition that anyone who becomes privy to his identity would be obliged to keep it confidential" would not remedy the prejudice to defendant during discovery caused by plaintiff's use of a pseudonym).

of identifying information.[10]  Retaliation against plaintiffs also would be illegal.[11]  Furthermore,

defendants' proposed definition, contrary to plaintiffs' argument, would not be limited to

"information *explicitly* nam[ing] that person as a named plaintiff in this case."[12]  Under defendants'

proposed definition, information establishing the identity of a named plaintiff as a named plaintiff

need not be explicit to qualify as Identifying Information, and defendants concede as much.[13]  It is

similarly incorrect for plaintiffs to suggest that defendants' proposal "would not bind the recipients

to maintain the confidentiality of the Named Plaintiffs' identities among other staff or even youth."[14]

If there is information "that establishes the identity of a named plaintiff as a named plaintiff [or]

information that establishes the identity of family members of a named plaintiff as family members

of a named plaintiff," that information and those who receive it would be subject to the protective

order.[15]

---

[10]  *See, e.g.*, N.Y. Exec. Law § 501-c(1) (McKinney 2025); N.Y. Comp. Codes R. & Regs. tit. 9, § 168.7(a) (2026).

[11]  *See, e.g.*, N.Y. Penal Law § 215.10 (McKinney 2025) (tampering with a witness in the fourth degree); N.Y. Comp. Codes R. & Regs. tit. 9, §§ 168.1(a), 168.2(b), 168.4(b).

[12]  Pls.' Feb. 6, 2026 Letter (Dkt 32) at 2 (internal quotation marks omitted).

[13]  *See* Defs.' Feb. 9, 2026 Letter (Dkt 33) at 1.

[14]  Pls.' Feb. 6, 2026 Letter (Dkt 32) at 2.

[15]  Defs.' Feb. 5, 2026 Letter, Ex. A (Dkt 30-1) ¶ 1.

6

## *Conclusion*

For the foregoing reasons, the parties' motions to enter a proposed protective order (Dkts 30, 32) each are granted in part and denied in part. The parties shall submit a joint proposed protective order consistent with this memorandum.

SO ORDERED.

Dated:        February 11, 2026

_____

Lewis A. Kaplan
United States District Judge