UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3·27·26

Marcus F., Garrett M., a minor, by his next friend
Jared Trujillo, Isaac R., a minor, by his next friend
Ms. Y., and Christopher M., on behalf of themselves
and all other similarly situated youth,

                Plaintiffs,

      -against-

DaMia Harris-Madden, in her official capacity as
Commissioner of the New York State Office of
Children and Family Services, and Norman Hall, in
his official capacity as Deputy Commissioner,
Division of Juvenile Justice and Opportunities for
Youth,

              Defendants.

Case No. 1:26-cv-00148-LAK

**CONFIDENTIALITY
STIPULATION AND ~~[PROPOSED]~~
PROTECTIVE ORDER**

**WHEREAS**, in the above-captioned putative class action (the "Action") named plaintiffs

Marcus F., Garrett M., Isaac R., and Christopher M. (collectively, "Plaintiffs") and defendants

DaMia Harris-Madden, in her official capacity as Commissioner of the New York State Office of

Children and Family Services ("OCFS"), and Norman Hall, in his official capacity as Deputy

Commissioner of OCFS's Division of Juvenile Justice and Opportunities for Youth (together,

"Defendants") may seek the production of certain documents and information that may otherwise

be protected from disclosure by federal, state, and local laws and regulations, as well as by

policy and practice of OCFS, or that are otherwise non-public, confidential, proprietary, personal

or sensitive in nature;

WHEREAS, Plaintiffs and Defendants entered into, and the Court so-ordered, a

Stipulation and Order of Confidentiality, ECF No. 36, governing the disclosure of the true

identities of Named Plaintiffs (the "Named Plaintiff Protective Order");

1

WHEREAS, Plaintiffs and Defendants wish to produce and use the above-described materials for purposes of this Action while at the same time preserving confidentiality and other applicable legal protections;

IT IS HEREBY STIPULATED by and among the parties and IT IS HEREBY ORDERED by the Court that such materials disclosed, produced, or otherwise obtained in this Action shall be governed by the following conditions:

## I.    Definitions

1.    "Disclosure" or "Discovery Material" refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, interrogatory and other discovery responses, affidavits, transcripts and exhibits, or recorded or graphic matter, electronically stored information, or other written information produced in response to discovery requests in this Action, or tangible things), that is produced or generated in disclosures or responses to discovery requests in this Action.

2.    "Confidential Information" refers to (1) any records or files of, or information identifying, persons who are or have been under the care or supervision of OCFS; any other names, personal information, or identifying information of minor children under Federal Rule of Civil Procedure 5.2, regardless of whether they are or have been under the care or supervision of OCFS; or any personal health, mental health, psychiatric, educational, or disability information of any person, (2) documents or information that, if disclosed to persons other those identified in Paragraph 17, could threaten the safety and/or security of persons who are or have been under the care or supervision of OCFS and/or staff currently or formerly associated with OCFS juvenile placement facilities, (3) any other documents or information deemed confidential by New York State or federal law or regulations, and (4) documents or information subject to a confidentiality agreement, made confidential by court order, or otherwise prohibited from

disclosure by law. Confidential Information includes: (1) any information copied or extracted from Confidential Information, including testimony, conversations, or presentations by Parties or their Counsel and (2) all copies, excerpts, summaries, or compilations of Confidential Information. For the avoidance of doubt, where the parties agree to redact all Confidential Information from a document, such as a compilation, information which is not Confidential Information is not subject to the conditions governing Confidential Information.

3.  "Party" refers to any party to this Action, including all of its officers, directors, employees, consultants, or retained experts.

4.  "Designating Party" refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information. The Designating Party bears the burden of establishing good cause for the protection of all such information or items.

5.  "Producing Party" refers to a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

6.  "Receiving Party" refers to a Party that receives Disclosure or Discovery Material from a Producing Party.

7.  "Counsel" or "Attorney" refers to attorneys and their support staff, including outside investigators, all of whom are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

8.  "Non-Party" refers to any natural person, partnership, corporation, association, governmental organization, or other legal entity not named as a Party to this Action.

9. "Expert" refers to a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

10. "Professional Vendors" refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

## II.    Scope and Duration of Protective Order

11. This Order governs the production, subsequent disclosure, and use of Confidential Information during the course of the Action, by the Parties or by any Non-Party either voluntarily or as required by requests for discovery made pursuant to the Federal Rules of Civil Procedure (including Federal Rules of Civil Procedure Rule 45) or by order of the Court.

12. This Order does not apply to the dissemination in the ordinary course of business by a party of its own Confidential Information under existing federal, state, and local laws, policies, rules, and regulations.

13. The Order shall survive the conclusion of this Action and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed. Within ninety (90) calendar days of the conclusion of this Action, including the time for filing and resolution of all appeals, all Confidential Information obtained by any Receiving Party and all copies, notes (including, for example, notations made on documents produced in discovery), and other materials containing or referring to information derived therefrom, shall be destroyed. Removable storage media containing Confidential Information is to be destroyed either by physically shredding or by forensically wiping the media. Removable storage media includes, but is not limited to, hard disk drives, CD-R, CD-RW, DVDs, floppy disks, zip disks, and tapes.

Hard (paper) copies containing Confidential Information must be shredded using crosscut or confetti shredder. All Parties, Non-Parties, or Experts who possessed such materials shall verify their destruction by declaration or affidavit furnished to the Attorney(s) for the Producing Party. Notwithstanding the foregoing, Counsel for the Parties may retain complete and unredacted copies of any work product (including, for example, memoranda, summaries, reports, drafts of filings or correspondence, and/or notes not made on documents produced in discovery) or filings that contain Confidential Information, to be used solely for reference in the event of, and only in the event of, a dispute over such Counsel's performance, or a dispute over the use or dissemination of information or materials designated under this Order, or for the enforcement of any judgment or settlement arising from this Action, or as required by internal retention policies. Such retained copy of pleadings and papers shall be maintained in a file accessible only by Counsel under the provisions of, and bound by, this Order. This Order shall survive the final termination of this Action with respect to any such retained Confidential Information.

**III.    Designation and Production of Confidential Information**

14.    Materials designated as Confidential Information pursuant to this Order shall be designated and marked as follows:

a.  Documents or Images: Documents or images may be designated as Confidential Information by placing the legend "CONFIDENTIAL" or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree, such legend shall be placed upon every page of each document or image containing Confidential Information. In lieu of marking the originals of documents, the Designating Party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Confidential Information need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Party shall use reasonable means to designate as Confidential Information such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" in

the title name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

b. Non-Paper Media: Where Confidential Information is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.) that does not include images, the appropriate confidentiality notice as described in Subparagraph (a) above should be placed on the face of both the medium, if possible, and its container, if any, so as to give clear notice of the designation. To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as containing Confidential Information, such printouts will be marked as described in Subparagraph (a) above by the Receiving Party.

c. Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Subparagraph (a) above.

d. Written Discovery: In the case of Confidential Information incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Subparagraph (a) above shall be placed on the first page of the document and on each page containing answers or responses that contain Confidential Information.

e. Depositions or Pretrial Testimony: In the case of depositions or other pretrial testimony, the appropriate confidentiality designation as described in Subparagraph (a) above shall be made by: (i) a statement on the record, by Counsel, during the course of such testimony, that such testimony shall be treated as Confidential Information or (ii) written notice, sent to Counsel of record for all Parties within fourteen (14) days after receiving a copy of the transcript, that such testimony shall be treated as Confidential Information. In the event testimony is so-designated, the entire transcript and all copies thereof shall be deemed confidential and subject to this Protective Order for thirty (30) days following receipt by the testifying witness of the transcript. During this thirty (30) day period, the Designating Party shall notify the Receiving Party and the court reporter which specific portions of the transcript should be designated as Confidential Information. At the conclusion of the thirty (30) day period, or by some other date mutually agreed to by the Parties, only the duly designated portions of the transcript shall be considered Confidential Information. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

15. Except as provided in Paragraph 14.e, Disclosures and Discovery Material may be designated as Confidential Information at any time upon notice to the Receiving Party. Without limiting the foregoing sentence in any way, a Producing Party may designate a document as

6

Confidential Information after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party would otherwise be entitled.

16.     If Discovery Material is inspected at the Producing Party's choice of location, all such Discovery Material shall be presumed at such inspection to have been designated as Confidential Information by the Producing Party until and unless the Producing Party provides copies to the Party that requested the Discovery Material and advises the Receiving Party that the Discovery Material is not being designated as Confidential Information. Production of Confidential Information for inspection and copying shall not constitute a waiver of confidentiality.

17.     With the exception of the disclosures permitted in Paragraph 12 above, disclosure of Confidential Information shall be limited to the following individuals ("Authorized Recipients"):

    a.  Attorneys of record for the Parties, including associate attorneys, as well as legal assistants, legal interns, paralegals, and clerical and support personnel of the law office of any Attorney of record;

    b.  Any Experts retained for any purpose related to this litigation, provided they must execute an acknowledgement in the form attached hereto as Exhibit A;

    c.  Professional Vendors, provided they must execute an acknowledgement in the form attached hereto as Exhibit A;

    d.  Defendants, including OCFS employees, except to the extent that any Discovery Material is subject to the Named Plaintiff Protective Order, at which point such Discovery Material shall only be disclosed as permitted by the Named Plaintiff Protective Order;

    e.  Plaintiffs, putative class members, and their legal guardians or next friends, only to the extent that such Discovery Material directly relates to such Plaintiff or putative class member, and the Plaintiff, putative class member, legal guardian, or next friend is otherwise entitled to the Confidential Information under statute or regulation;

f.  Stenographers or videographers used in connection with the conduct of the Action;

g.  Outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, provided, however, that any such outside service or vendor shall only retain any documents marked as Confidential Information for the time reasonably necessary to perform the duties for which such outside service or vendor was retained and thereafter return such documents or electronic media to the Party who provided them;

h.  Persons who are or were contemporaneous authors or recipients of the Confidential Information or who testify concerning the Confidential Information at deposition, provided, however, that if any deposition witness is shown Confidential Information without having previously authored or received such material, that person must execute an acknowledgement in the form attached hereto as Exhibit A;

i.  Mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in the Action;

j.  The Court, the Court's law clerks, and court administrative personnel including court reporters; and

k.  Such other persons as hereafter may be agreed to by the Parties in writing or authorized by the Court.

18.  Any Authorized Recipients shall be bound by the terms of this Order. The Party who discloses Confidential Information to any Authorized Recipient shall be responsible for so advising such persons in writing of their obligations under this Order, with the further proviso that regarding Authorized Recipients described in Paragraph 17.b-c, h, above, and to the extent described in Paragraph 17.b-c, h, the Party is also responsible for providing them with a copy of this Order and for obtaining said Authorized Recipient's consent in writing, in the form attached hereto as Exhibit A, not to use Confidential Information, or any records or other documents that contain it, for any purpose other than in connection with the prosecution or defense of this Action; and not to further disclose the Confidential Information except in testimony provided in

this Action. The signed consent shall be retained by Counsel for the Receiving Party, to be furnished to any other Party's attorney promptly upon request.

19. Except as provided in Paragraph 12 above, or as otherwise permitted by provisions of federal, state, or local laws, rules, and regulations, the use of Confidential Information for any purpose, other than the preparation for trial or appeal of the Action or in connection with motion practice, including any motion for a preliminary injunction, or settlement negotiations in the Action, is prohibited, absent prior approval of this Court, sought on notice to the other Parties.

IV. **Inadvertent Disclosure, Non-Conforming Disclosure, and Disclosure to Unauthorized Persons of Confidential Information**

20. The inadvertent or in camera disclosure of Confidential Information shall not prejudice or otherwise be deemed a waiver of, or estoppel as to, any confidentiality otherwise attached to said Confidential Information. Upon discovery of any inadvertent disclosure of Confidential Information or failure to make an appropriate confidentiality designation, the Producing Party must promptly notify the Receiving Party that the subject Discovery Material contains Confidential Information and, if applicable, reproduce the subject Discovery Material with the proper designation. Upon receipt of such notice, the Receiving Party must promptly (i) seek the destruction of any copies of the Confidential Information reflecting the improper designation, (ii) take all reasonable steps to preclude dissemination and use of the Confidential Information including, as applicable, seeking the return and destruction of such Confidential Information that was disseminated to third parties and seeking the prompt sealing of any Confidential Information that had been filed or submitted to the Court, and (iii) provide confirmation to the Producing Party that improperly designated copies of the Confidential Information have been destroyed. In the event that a Receiving Party discovers that they are in

receipt of Confidential Information that they believe to be inadvertently disclosed or improperly designated, such Receiving Party shall so-advise the Producing Party within three (3) business days of discovery and shall refrain from dissemination of such Confidential Information until a proper designation has been made.

21.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least fourteen (14) days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

22.    Should any Party or person to whom this Order applies wish to disclose any Confidential Information to any person other than as described herein and specifically permitted by this Order, or for any purpose other than as set forth herein ("Non-Conforming Disclosure"), such Party or person shall advise all counsel of the desired Non-Conforming Disclosure, including the proposed recipient of such disclosure, in writing. No Non-Conforming Disclosure shall be made unless and until the Party seeking to make such disclosure (a) notifies counsel for the other Parties of the proposed disclosure and (b) obtains the consent of the other Parties to the disclosure. If consent is not immediately given, the Party seeking Non-Conforming Disclosure must engage in a good-faith effort to obtain the consent of Counsel for the other Parties to the proposed Non-Conforming Disclosure. Only if such consent is not obtained by the Party seeking

to make a Non-Conforming Disclosure through the above-described measures may that Party move this Court for an order permitting such Non-Conforming Disclosure.

23.     In the event of disclosure of any Confidential Information to a person not authorized for access to such material in accordance with this Order ("Unauthorized Disclosure"), the Party responsible for having made such disclosure must promptly inform the other Parties' Counsel of the relevant facts and circumstances of the Unauthorized Disclosure, including the information disclosed, the person(s) to whom disclosure was made, the date(s) of disclosure, and any other relevant information about the nature and circumstances of the disclosure. The responsible Party must also promptly take all reasonable measures to procure the immediate redaction, destruction, or return of the Confidential Information released by the Unauthorized Disclosure and promptly apprise the other Party's Counsel in writing of the redaction, destruction, or return; and ensure that no further or greater Unauthorized Disclosure or use of such information or materials is made.

24.     Any Party may upon written notice to all other Parties, challenge a Producing Party's designation of information as Confidential Information. Within fourteen (14) days of receipt of such notice, the Parties (and, if not a Party, the Producing Party) shall confer in good faith to resolve the disputed designation(s). Only if agreement is not reached after such fourteen (14) days may the Challenging Party move this Court for an order deeming the challenged information or Discovery Material non-confidential. During the pendency of any such remedial efforts and/or motion practice, the challenged information or Discovery Material shall be treated by the Parties according to the designation used by the Producing Party.

## V.   Use and Handling of Confidential Information

25.   Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

26.   Any document, pleading, or tangible item that contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope or filed electronically under seal without further order of this Court. Court filings and submissions from which Confidential Information has been redacted in its entirety, such that they therefore no longer contain any such information, are not required to be filed under seal. A redacted version of each sealed filing must be filed on the public ECF system.

27.   If during a Court proceeding Confidential Information is likely to be revealed, the Producing Party may request that the proceeding be held in camera, and neither Party shall oppose the request, provided that the non-filing Party does not challenge the original confidentiality designation. If such request is granted by the Court, the transcript of such proceedings shall be treated in the same manner as a deposition transcript in accordance with Paragraph 14.e for the purposes of this Order. Any Party or Non-Party may designate the deposition or hearing testimony of any third party as Confidential Information and invoke the provisions of this Paragraph to the extent the testimony or argument or comments by counsel discloses the Party or Non-Party's Confidential Information.

28.   Nothing in this Order shall be construed to limit or eliminate the applicability of the sealing and redaction requirements set forth in Federal Rule of Civil Procedure 5.2.

29.   This Order does not address the use of Confidential Information at trial. The Parties agree to meet and confer regarding the use of Confidential Information in connection with trial and to raise the issue with the Court at an appropriate time.

## VI.    Miscellaneous Provisions

30.    To the extent any federal or state law governing the disclosure or use of Confidential Information requires any Party or Non-Party to obtain an order of a court prior to disclosure of such information, this Order shall constitute compliance with such requirement. To the extent any federal or state law governing the disclosure or use of Confidential Information requires any Party or Non-Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person before disclosure of any such information, the Court finds that, in view of the protections provided for such information, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Party or Non-Party is exempted from obtaining a court-ordered subpoena, having to notify and/or obtain consent from any person prior to the disclosure of such information, and/or having to provide a certification that notice has been waived for good cause. Notwithstanding the foregoing, no Party or Non-Party shall disclose sensitive personal information, including (i) any HIV/AIDS status information or (ii) the full names of persons who are or have been under the care or supervision of OCFS and are not a Named Plaintiff in this Action, and each Producing Party shall redact any such information from records produced in discovery in this Action, regardless of whether such Discovery Material is designated as Confidential Information. Furthermore, nothing in this Order shall preclude any Non-Party from raising any objection it may deem fit in response to any subpoena issued in conjunction with this Action.

31.    Nothing in this Order will affect or restrict the rights of any Party with respect to its own documents or information, whether or not it has disclosed such documents or information in this Action.

13

32. This Protective Order shall not be construed to apply to any documents, information, material, or testimony that: (a) is available to the public other than through a breach of this Protective Order, legal obligation, or other duty of confidentiality or (b) a Receiving Party can demonstrate was already known to that Party prior to the time of disclosure and was not obtained through a breach of a legal obligation or other duty of confidentiality.

33. Nothing in this Order shall be construed to limit, modify, or interfere in any way with: (a) the disclosure obligations of OCFS under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions; or (b) the interpretation, application, and implementation by OCFS, its public access officers, and state courts of FOIL and related state law, regulations, and judicial decisions.

34. This Order shall be without prejudice to the right of any Party to oppose disclosure of any information or document on any and all grounds, including but not limited to the ground that any information or document is not relevant to any claim or defense in this Action. This Order also shall not in any way affect the applicability of the attorney-client communication privilege, the work product doctrine, the deliberative process privilege, or any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation. Any disclosure, whether inadvertent or otherwise, of documents or information that are subject to an objection based on the attorney-client communication privilege, the work product doctrine, the deliberative process privilege, or any other privilege or protection, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any privilege or protection to which the Producing Party would otherwise be entitled. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d). In the event of any inadvertent disclosure of documents or information subject to the attorney-

14

client communication privilege, the work product doctrine, the deliberative process privilege, or any other privilege or protection, the Parties shall follow the procedures set out in Paragraph 24.

35.     In the event additional parties are joined in this Action, they shall not have access to Confidential Information until the newly joined party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order, except that, to the extent a plaintiff class is certified, members of such plaintiff class shall be treated as described in Paragraph 17 hereof.

36.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

37.     The Parties may jointly seek to amend or modify this Order, subject to Court approval. Such requests, amendments, or modification shall not affect the continuing validity of this Protective Order as to any other Confidential Information. Any request for amendment or modification that would permit greater disclosure of Confidential Information than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any Non-Party that has produced Confidential Information to the extent such request for amendment or modification will apply to Confidential Information produced by such Non-Party.

Dated:  New York, New York
        March 24, 2026

THE LEGAL AID SOCIETY

By:   /s/ Lisa Freeman
      Lisa Freeman
      Kathryn Wood
      Emma-Lee Clinger
      Antony Gemmell

      40 Worth Street
      New York, NY 10013
      Phone: (212) 577-3300
      lafreeman@legal-aid.org
      kwood@legal-aid.org
      eclinger@legal-aid.org
      agemmell@legal-aid.org

      JENNER & BLOCK LLP

By:   /s/ Jeremy M. Creelan
      Jeremy M. Creelan
      Damian Williams
      Jacob D. Alderdice

      1155 Avenue of the Americas
      New York, New York 10036
      212-891-1600
      JCreelan@jenner.com

      Attorneys for Plaintiffs

SO ORDERED this ____ of March, 2026.

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendants

By:   /s/ Meaghan E. Brennan
      Meaghan E. Brennan
      Assistant Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-8411
      Meaghan.Brennan@ag.ny.gov

Notwithstanding anything to the contrary herein:

1.    Any papers filed under seal in this action shall be made part of the public record on or after 3/27/2032 unless the Court otherwise orders.

2.    Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Date: 3/27/2026

Lewis A. Kaplan
United States District.

Hon. Lewis A. Kaplan
United States District Judge

Case 1:26-cv-00148-LAK    Document 38    Filed 03/24/26    Page 17 of 19

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcus F., Garrett M., a minor, by his next friend Jared Trujillo, Isaac R., a minor, by his next friend Ms. Y., and Christopher M., on behalf of themselves and all other similarly situated youth, <br><br> Plaintiffs, <br><br> -against- <br><br> DaMia Harris-Madden, in her official capacity as Commissioner of the New York State Office of Children and Family Services, and Norman Hall, in his official capacity as Deputy Commissioner, Division of Juvenile Justice and Opportunities for Youth, <br><br> Defendants. | Case No. 1:26-cv-00148-LAK <br><br> **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

I, _____, hereby acknowledge that I have read the

Confidentiality Stipulation and Protective Order ("Order") entered in the above-captioned action

("the Action") and understand the terms thereof. I agree that I will not use the Confidential

Information defined therein for any purpose other than in connection with the prosecution or

defense of the Action, and will not further disclose the Confidential Information , or any records

or other documents that contain such information, except as permitted by the Order. I further

agree that within twenty (20) days after the conclusion of the Action, I will destroy all such

Confidential Information .

By acknowledging these obligations under the Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New

York for the purpose of any issue or dispute arising hereunder and that any willful violation of

any term of the Order could subject me to punishment for contempt of Court.

Date _____

Signature _____

Print Name _____

Occupation & Address _____