USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 08/04/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS F., et al.,

Plaintiffs,

-against-

DAMIA HARRIS-MADDEN, *in her official capacity as Commissioner of the New York State Office of Children and Family Services*, et al.,

Defendants.

26-CV-148 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On July 27, 2026, this Court directed the parties to "substantially complete their production of documents in response to all remaining requests" by October 30, 2026. 7/27/26 Order (Dkt. 58) ¶ 1. Recognizing that the burden of production will fall overwhelmingly on defendant Office of Children and Family Services (OCFS), which must scan or copy, review, and redact thousands of electronic shift summaries and approximately 100 hand-written logbooks, *see id.* ¶ 2, the Court further directed the parties to meet and confer "to reach agreement on how, through their combined resources, they propose to accomplish the timely production of the remaining documents[.]" *Id.* For example, the Court suggested, "plaintiffs' counsel may expedite the scanning, review, redaction, and production process by contributing personnel, sharing costs, or both." *Id.*

On July 31, 2026, the parties reported, in two separate letters, that they were unable to reach agreement on a mechanism for plaintiffs' counsel to share either the work or the cost involved in producing the shift summaries and logbooks on the schedule set by the Court. *See* Def. Ltr. (Dkt. 59); Pl. Ltr. (Dkt. 60). Plaintiffs say – and the parties' email correspondence confirms – that defendants declined their offer to provide "personnel assistance with scanning the documents at issue," Pl. Ltr. at 1, preferring to have OCFS personnel do the scanning and "outside contract attorneys" perform the redactions, pursuant to OCFS's "existing engagement" with those contract

attorneys. *Id*. Ex. A (Dkt. 60-1) at ECF pp. 5, 7. Plaintiffs then offered to "provide up to $15,000 toward the cost of the redactions," but only if plaintiffs' counsel "could potentially recover those costs if Plaintiffs prevail in this matter." Pl. Ltr. at 2; *see also id*. Ex. A at ECF p. 6. Defendants declined that proposal as well, arguing that it would "negate the purpose of cost-sharing for those costs to be recoverable." *Id*. Ex. A at ECF p. 5. Defendants then suggested that plaintiffs further narrow their request for shift summaries by including only specified months and by "remov[ing] the 'overnight shifts' from the documents requested," Def. Ltr. Ex. A, ¶¶ 1-2 (proposed form of order), – something that plaintiffs say they have already done, and are willing to incorporate into a court order. *See* Pl. Ltr. at 2 n.3; *id*. Ex. B (proposed form of order) ¶¶ 3-4. Defendants have submitted a different form of order, in which they state that they will "*endeavor to* substantially complete the production of documents by October 30, 3026, without assistance from Plaintiffs." Def. Ltr. Ex. A, at 2 (emphasis added).

The Court is disappointed that the parties were unable to come to a cost- or labor-sharing agreement. Plaintiffs are correct, however, that the predicate for the 7/27/26 Order was defendants' claim, made in their July 2, 2026 letter-brief, that the documents at issue "cannot practically be produced by September 1, 2026" (the deadline plaintiffs then sought), due primarily to resource constraints at OCFS. Def. 7/2/26 Ltr. (Dkt. 55) at 1. Defendants explained, among other things, that "OCFS has limited staff available to conduct the collection and scanning process, and the logbooks themselves are physically cumbersome to scan due to the logbooks' binding and atypical size. Nearly all of the scanned documents must be redacted, and technology-assisted redaction is impossible due to the nature of handwritten documents." *Id*. at 4.[1] It now appears, however, that

[1] For these reasons, defendants proposed a production deadline of January 5, 2027. *See* Def. 7/2/26 Ltr. at 4 ("Defendants expect it will take until January 2027 to produce such materials"); *id*. Ex. B (proposed form of order) at 2.

OCFS does not want or need assistance in collecting or scanning the logbooks, and intends to outsource the review and redaction process to outside contract attorneys. Moreover, OCFS makes no showing that the $15,000 contribution offered by plaintiffs is necessary to enable it – aided by its outside contract attorneys – to meet the compromise deadline of October 31, 2026, set by this Court. Consequently, the Court will not require plaintiffs to make that contribution on the non-recourse basis demanded by defendants. Nor will the Court soften defendants' production deadline by adding the "endeavor to" language they favor.

The Court will, however, hold plaintiffs to their offer, as they suggest. *See* Pl. Ltr. at 3. Consequently, defendants may, if they wish, accept that offer – for up to $15,000 in redaction-related costs, *potentially* recoverable under § 1988 – or, in the alternative, may decline it and shoulder all of the production-related costs themselves.[2] Either way, all parties must substantially complete their production of documents no later than October 30, 2026. *See* 7/27/26 Order ¶ 1. Documents shall be produced on a rolling basis during this period. *Id*.

Dated: New York, New York
August 4, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

[2] Accepting $15,000 from plaintiffs now – albeit with *some* risk that plaintiffs will be able to recover that sum at the conclusion of this action pursuant to 42 U.S.C. § 1988 – would seem to be a more advantageous option for defendants than declining the contribution altogether. Nonetheless, the choice is defendants'.